UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERTA Y. STEELE                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:11CV-124-S

PATRICK R. DONAHOE, Postmaster General
United States Postal Service                                                        DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Patrick R. Donahoe, Postmaster General for the United States Post Office ("USPO"), to dismiss, or in the alternative, for summary judgment in this action alleging race and gender discrimination, hostile work environment, and retaliation. The plaintiff, Roberta Steele, has not responded to the motion.

Roberta Y. Steele is an African American woman employed as a sales/Service Distribution Associate at the Louisville, Kentucky Air Mail Facility. She is employed in "959 status" as a permanently injured employee. Steele worked 26 hours per week on the assessment team after the National Reassessment Program reduced her hours from forty hours per week. In September 2009, Steele contacted the manager of Business Mail Equipment Unit ("BMEU") to see whether she could obtain a "detail" position to supplement her 26-hour schedule. She requested early morning hours before she began her other job. When her request was denied, she filed a complaint with the United States Postal Service Office of the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her race. She alleged that two injured Caucasian women were permitted to pick up hours at the BMEU after her request was denied. Steele claimed that she had

worked at the BMEU previously and had been trained in the position, where the Caucasian women were unqualified for the job. The EEOC conducted an investigation and issued a final agency decision concluding that the evidence did not support a finding that Steele was subjected to discrimination as alleged. EEOC Decision, p. 10.

Steele's complaint in this case also contains claims of gender discrimination, hostile work environment and retaliation which were not raised before the EEOC. The claims are must be dismissed for failure to exhaust administrative remedies. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *See* 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)"); *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002)("In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.' *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)".

The USPO has moved for summary judgment on Steele's claim of race discrimination. Having failed to respond to the motion, the EEOC decision stands uncontroverted in the record.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact arises when there is "sufficient evidence on which the jury could reasonably find for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The evidence presented must be construed in the light most favorable to the non-moving party. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1150 (6th Cir. 1985). To survive summary

judgment, a non-moving party must "go beyond the pleadings" and prove "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The plaintiff bears the initial burden of establishing a *prima facie* case of race discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The EEOC found that Steele had not made out a *prima facie* case because the two Caucasian women who were given work in the BMEU were not similarly situated to Steele. These two women "were available and willing to work the later shift and/or longer hours to accommodate the needs of the BMEU unit during the relevant timeframe. Therefore, they were not similarly situated to [Steele]." The EEOC stated further that "[a]dditionally, it should be noted that...two African Americans...were given hours in the BMEU. As these employees are within the complainant's protected class, it cannot be concluded that management harbored discriminatory animus towards employees of that class." Decision, p. 7.

The EEOC went on to find that even assuming for the sake of argument that a *prima facie* case of race discrimination had been made out, management had articulated a legitimate, non-discriminatory explanation for their actions, and pretext had not been shown:

> Ms. Snyder testified that the Louisville Business Mail Acceptance Unit was critically short staffed and was looking to borrow help "as needed" from other departments until the Bulk Mail Tech jobs could be filled through the established craft bidding process. She clarified that a "detail" never existed. Rather, the work sought by the complainant was to be provided to the BMEU unit on an "as needed" basis. She averred that the complainant contacted her and requested to pick up extra hours in the BMEU starting around 8 am as she would drop her child off at day care, on her way to the unit. Ms. Snyder explained that she informed the complainant that she thought that the BMEU might be able to use her a couple of hours a day prior to reporting to the Fern Creek Post Office to her assigned position. However, after talking with the supervisor of the unit, it was realized that the hours that the complainant was available would not work for the needs of the unit. The unit did not open until 9:00 a.m. and the task for which the complainant would have been needed did not begin until 10:00 a.m. According to Ms. Snyder's testimony, the early morning hours for which the complainant sought were already adequately covered and the unit's need was for the mid to late afternoon hours. Two Caucasians and two

> African-Americans who were available during the needed hours were borrowed and utilized for the work as their hours accommodated the BMEU's needs in the mid/late afternoon...Mr. White testified that both of the white female workers...initially worked the later hour shift, but that [one white female worker] was subsequently permitted to work the earlier shift due to an increase in the volume of work...[Her] shift to the earlier hour shift transpired months after the complainant was denied an opportunity to work in the unit.

Decision, pp. 7-9.

We conclude that the EEOC's unchallenged decision that the evidence did not support a finding that Steele was subjected to race discrimination was a sound determination. We conclude that no genuine issue of material fact exists and the USPO is entitled to summary judgment as a matter of law. A separate order will be entered this date dismissing the complaint with prejudice.

**IT IS SO ORDERED.**

August 5, 2011

**Charles R. Simpson III, Judge
United States District Court**